**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| GARRY MILLER, )<br>)<br>Plaintiff, )<br>) No.<br>vs. )<br>)<br>ALLIANCE ONE RECEIVABLES )<br>MANAGEMENT, INC., )  **JURY DEMAND ENDORSED HEREON**<br>)<br>Defendant. ) | |

**COMPLAINT**

NOW COMES the Plaintiff, GARRY MILLER, by and through his attorneys, LUXENBURG & LEVIN, LLC, and for his Complaint against the Defendant, ALLIANCE ONE RECEIVABLES MANAGEMENT, INC., Plaintiff alleges and states as follows:

**PRELIMINARY STATEMENT**

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq*., and the Ohio Consumer Sales Practices Act (hereinafter the "OCSPA"), Ohio Rev. Code § 1345.01, *et seq*.

**JURISDICTION AND VENUE**

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq*. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

**PARTIES**

3. Plaintiff is an individual who was at all relevant times residing in Lorain, Ohio.

4. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as he is a natural person allegedly obligated to pay a debt.

5. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt.

6. On information and belief, Defendant is a corporation of the State of Delaware, which is licensed to do business in Ohio and which has its principal places of business in Mendota Heights, Minnesota and/or Trevose, Pennsylvania.

## COUNT I

(Violation of the Fair Debt Collection Practices Act)

7. On or about March 31, 2009, Defendant sent a letter to Plaintiff in an attempt to collect an alleged debt. A copy of said letter is attached hereto and incorporated herein by reference as Exhibit 1.

8. On or about April 6, 2009, Plaintiff mailed a letter to Defendant, advising Defendant that Plaintiff was now represented by counsel and requesting cessation of all communications from Defendant pursuant to 15 U.S.C. § 1692c. A copy of said letter is attached hereto and incorporated herein by reference as Exhibit 2.

9. Despite Plaintiff's request, representatives of Defendant continued to contact Plaintiff via telephone at Plaintiff's place of employment in attempts to collect the aforementioned alleged debt.

10. Thereafter, Plaintiff filed a complaint with the Pennsylvania Attorney General's Office with regard to the continued direct communications from Defendants representatives.

11. In a letter dated May 29, 2009 in response to Plaintiff's complaint, Defendant admitted its representative did not comply with the "applicable laws our organization must

comply with." A copy of said letter is attached hereto and incorporated herein by reference as Exhibit 3.

10. In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

    a. Communicating with Plaintiff after Defendant had been advised that he was represented by an attorney with respect to the alleged debt, in violation of 15 U.S.C. § 1692c(a)(2);

    b. Communicating with Plaintiff at his place of employment after he notified Defendant that he wished for Defendant to cease further communication with him while he was at work, in violation of 15 U.S.C. § 1692c(a)(3);

    c. Continuing to communicate with Plaintiff after he notified Defendant in writing that he wished for Defendant to cease further communication with him, in violation of 15 U.S.C. § 1692c(c); and

    d. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

11. As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, GARRY MILLER, respectfully prays for a judgment against Defendant as follows:

    a. Statutory damages of $1,000.00 for each violation of the FDCPA;

    b. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

    c. Any other relief deemed appropriate by this Honorable Court.

## COUNT II

(Violation of the Ohio Consumer Sales Practices Act)

12. Plaintiff hereby adopts, re-alleges and incorporates by reference all allegations set forth above as though fully rewritten here.

13. Defendant's actions in attempting to collect the alleged debt from Plaintiff as described above constitute a "consumer transaction" as defined in Ohio Rev. Code § 1345.01(A).

14. Defendant is a "supplier" as defined in Ohio Rev. Code § 1345.01(C), as Defendant is in the business of effecting or soliciting consumer transactions.

15. Plaintiff is a "consumer" as defined in Ohio Rev. Code § 1345.01(C), as he is a person who engaged in a consumer transaction with a supplier, the Defendant herein.

16. Defendant's actions and omissions described above constitute unfair, deceptive and unconscionable acts and practices, in violation of Ohio Rev. Code §§ 1345.02 and 1345.03, and the substantive rules promulgated under the OCSPA.

17. Defendant, through its agents and employees, knowingly committed the unfair, deceptive and unconscionable acts and practices described above.

18. As a result of Defendant's unfair, deceptive and unconscionable acts and practices, Plaintiff has suffered, and continues to suffer, various damages which include, but are not limited to the categories of damages described above.

WHEREFORE, Plaintiff, GARY MILLER, respectfully prays for judgment against Defendant as follows:

        a. All statutory damages to which Plaintiff is entitled for each violation;

        b. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

4

  c. Such other and further relief as may be necessary, just and proper.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his claims in this action.

            Respectfully Submitted,

            <u>/s/ David B. Levin</u>
            David B. Levin (0059340)
            Mitchel E. Luxenburg (0071239)
            Attorneys for Plaintiff
            Luxenburg & Levin, LLC
            23240 Chagrin Blvd., Suite 601
            Beachwood, OH 44122-5452
            (888) 595-9111, ext. 711 (phone)
            (866) 382-0092 (facsimile)
            dlevin@attorneysforconsumers.com